COMMONWEALTH *vs.* EDWARD MORRISEY.

Bristol.    October 24, 1892. — December 6, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Drunkenness — Statute — Constitutionality.*

The St. of 1891, c. 427, "relating to the punishment of drunkenness," is constitutional.

The provision of the St. of 1891, c. 427, § 5, that, if a person convicted of drunkenness by the voluntary use of intoxicating liquor shall satisfy the court that he has not been arrested for drunkenness twice before within the twelve months next preceding, " his case may be placed on file," does not take away the power of the court, when a person has been arrested for drunkenness, to find him guilty and sentence him, even after it is shown that he has not been twice before arrested for drunkenness within the twelve months next preceding.

COMPLAINT to the First District Court of Bristol, alleging that the defendant, on October 2, 1891, at Taunton, was drunk by the voluntary use of intoxicating liquor.

At the trial in the Superior Court, on appeal, before *Bond,* J., Edwin H. Evans, the city marshal of Taunton, was called as a witness, and testified, without objection, that the defendant had been convicted of drunkenness in February and March of the current year prior to the present complaint.

The defendant asked the judge to rule that he could not be sentenced under the St. of 1891, c. 427, which ruling the judge declined to give; and the defendant excepted.

The jury returned a verdict of guilty; and the defendant moved in arrest of judgment, for the following reasons: "1. From the record it appears that there is no punishable offence alleged. 2. Under the St. of 1891, c. 427, this court has no power to impose a sentence for the first offence of drunkenness. 3. The St. of 1891 is in violation of the Bill of Rights incorporated in the Constitution of Massachusetts."

This motion was overruled; and the defendant appealed to this court.

*F. V. Fuller,* for the defendant.

*C. N. Harris,* Second Assistant Attorney General, for the Commonwealth.

KNOWLTON, J. The defendant contends that, under the St. of 1891, c. 427, he cannot be sentenced for drunkenness, and that the law is unconstitutional. In those parts to which his contention relates, the statute differs from previous laws principally in giving an arrested person an opportunity to show, if he can, that he has not been arrested twice for drunkenness within the twelve months next preceding, or that, having been so arrested, he has been tried and acquitted in one of the cases. If he shows this, he may properly be discharged without a trial, and his case may be placed on file.

There is no doubt of the constitutional authority of the Legislature, in the exercise of the police power of the Commonwealth, to enact a law providing for the punishment of drunkenness. The act referred to makes drunkenness punishable by the courts. The power to make a complaint and obtain a conviction does not depend on the arrest of the offender by an

officer without a warrant while he is intoxicated; but it is the object of the law, when a complaint is made and the offender is brought into court, to enable him to obtain his release without a trial if he can satisfy the court or magistrate that he has not been treated as an offender against this statute twice before within the twelve months next preceding, and if the court or magistrate deems it proper to release him.    Under this law, as under previous statutes, the first offence of drunkenness is punishable if the case proceeds regularly to a trial on the complaint, but a way is opened whereby the defendant may have the prosecution suspended, and be released in the discretion of the court.

The provision is, that " his case may be placed on file."    Now a case placed on file is not necessarily finally disposed of, but it may afterwards, if the court so orders, be taken from the files and tried in the usual way.    This statute, therefore, does not undertake to interfere with the power of the court to find the defendant guilty and sentence him, even after it is shown that he has not been twice before arrested for drunkenness within the twelve months next preceding, but, in providing for the release of persons who have not frequently been found offending, it authorizes and suggests the merciful and humane practice which the courts generally follow.    At the same time it recognizes the fact that a person may never be prosecuted or arrested for drunkenness until the time has come for active punitive and reformatory measures under a sentence from the court.    We are of opinion that the court is given discretion to deal with every case in this respect, as the best interests of the defendant and the community require.

We are led to this opinion partly by the peculiar disposition of cases provided for by the last part of § 5, which does not necessarily imply that they may not afterwards be taken from the files and tried, partly by the use of the word " may," instead of " shall," and partly by the preceding provisions of the chapter, all of which seem to leave a discretion to hold or release the persons arrested.

If the act were construed otherwise, we should have a punishment prescribed for an offence coupled with a provision that it should not be imposed if it appeared that the offender had not

been guilty of two similar offences within the twelve months next preceding. It would virtually be a law punishing only third offences on complaints charging merely first offences, and in that respect it would be unconstitutional. *Commonwealth* v. *Harrington*, 130 Mass. 35.

· The only provision of the statute which contains a limitation on the power of the court to punish a first offence of drunkenness in any case is that contained in § 2, which forbids the prosecution of one who has been discharged from arrest by an officer on his written statement, subsequently found to be true, that he has not been arrested for drunkenness twice before within the twelve months next preceding, or that, having been so arrested, he has been tried and acquitted in one of the cases. On the prosecution of such a person, he may plead his discharge in his defence, and receive an acquittal. His case is an exception to the general rule making drunkenness punishable, and it may stand on the ground that one who has once been arrested, and, having made a true statement, has been discharged in accordance with the general policy of the law, should not be subject to further prosecution for the same offence.

The statute is anomalous, and in some parts obscure. In our opinion, the construction we have given it is in accordance with the purpose of the Legislature. Under this construction it is constitutional, and the proceedings at the trial were correct.

*Exceptions overruled, and order affirmed.*