THE STATE v. RINEY, *Appellant.*

Division Two, January 19, 1897.

1. **Criminal Practice:** CONTINUANCE. Applications for continuances rest largely in the discretion of the trial court and their action thereon will not be reviewed unless such discretion is abused.

2. ———: ACCOMPLICE: WITNESS. An accomplice not indicted jointly with defendant is a competent witness.

3. ———: ———: ———. The fact that such accomplice expects a milder sentence for his confessed complicity, though affecting his credibility, does not render him an incompetent witness.

4. ———: LARCENY: INSTRUCTIONS. Instructions on *alibi* and the presumption arising from recent possession of stolen property approved.

*Appeal from Platte Circuit Court.*—HON. WM. S. HERNDON, Judge.

AFFIRMED.

*G. W. Broadus* and *A. S. J. Beery* for appellant.

(1) The court erred in not granting the continuance as asked by defendant. *State v. Anderson*, 96 Mo. 241; *State v. Maddox*, 117 Mo. 617. (2) The court erred in permitting Krause (who was jointly indicted with defendant) to testify. See *State v. Chyo Chiagk*, 92 Mo. 395. (3) The verdict is against the law and the evidence. (4) The court did not properly instruct on the law of the presumption arising from the recent possession of stolen property; it was not sufficiently comprehensive to include a rebuttal of the presumption of guilt by proof of an *alibi*. *State v. Sidney*, 74 Mo. 390; *State v. North*, 95 Mo. 616.

*R. F. Walker*, attorney-general, *F. M. Wilson*, prosecuting attorney, and *J. W. Coburn* for the state.

(1) "It has been suggested that an amendment to the application should have been permitted, but this is certainly not the usual practice and if it were this is a matter which should rest with the discretion of the court." *State v. Good*, 132 Mo. 131. (2) The court very properly declined and refused to permit the defendant to amend his application for a continuance, which was good in no respect and had been by the court overruled. (3) The court very properly admitted the testimony of witness Crouse. He was competent and his testimony material. *State v. Umble*, 115 Mo. 461; *State v. Walker*, 98 Mo. 95. (4) The instructions given by the court clearly declared the law and are sufficient. They presented and advised the jury as to the issues presented under the indictment and the testimony. (5) The exclusive possession of a portion of the goods was shown in the defendant and authorized the instructions given upon that point. *State v. Blue*, 136 Mo. 41.

GANTT, P. J.—The defendant was indicted jointly with Lewis Wright at the December term, 1895, of the circuit court of Platte county, for burglary and larceny from a car belonging to the Kansas City, St. Joe & Council Bluffs Railroad, at East Leavenworth, a station in Platte county, Missouri.

A wholesale boot and shoe house of Leavenworth, Kansas, had consigned to a customer, W. O. Worsfick, two cases of women's and children's shoes. Sometime during the night of November 7, 1895, the seal of the car in which these goods were shipped was broken and the boxes containing the shoes were broken into and several pairs of shoes taken therefrom. These shoes

were afterward found in the possession of defendant and his confederate and identified as the shoes shipped by Messrs. Catlin & Knox to Worsfick.

While in jail at Platte City defendant and Wright attempted to break jail.

The defense was *alibi* and was supported principally by relatives of defendant.

August Crouse, an accomplice, made a confession and testified on behalf of the state.

The defendant was without the means to engage counsel and the court appointed Messrs. G. W. Broaddus and A. S. Beery to defend him, and we take pleasure in commending the zeal and ability which they displayed in performing the duty thus assigned them. The errors assigned will be examined in the order of their brief.

I.    There was no such abuse of discretion in refusing the continuance asked by defendant as to constitute reversible error.    The application failed in important particulars to comply with the requirements of the statute and it was not error to refuse to allow defendant to amend it and make a second effort.    These applications must rest largely in the discretion of the trial courts who must of necessity be better able to judge of their merit than this court can be.    It is only when it is obvious that this discretion has been abused that this court will review and correct the action of the circuit and criminal courts.

II.    The circuit court properly refused to strike out the evidence of the accomplice Crouse or Krause. He had not been jointly indicted with defendant and he was therefore a competent witness as we have more than once directly ruled.    *State v. Umble*, 115 Mo. 461; *State v. Walker*, 98 Mo. 95.

The mere fact that Krause answered that he expected a lighter sentence for his own confessed com-

plicity in the burglary because he had become a witness for the state did not affect his competency, though it did his credibility.    There is not a syllable in his evidence that tends to reflect upon the official integrity of the prosecuting attorney. ˙ Krause nowhere testifies or intimates that he was requested or expected to testify to anything other than the truth or the whole truth. Indeed he˙ exonerates the prosecuting attorney from even appearing solicitous about his evidence.    He says he told him it was immaterial to him, but, as Krause's father had begged him to tell the whole truth, if he did he would not send him to the penitentiary.    It is too well settled that the testimony of an accomplice is admissible, and it is too essential in the administration of the law that it should be, to raise any doubt upon the question.    4 Blackstone's Com., 330; 1 Bishop's Crim. Proc., sec. 1164.

III.    The state having shown defendant in the exclusive possession of a pair of the shoes stolen from the burglarized car so recently after the goods were stolen, it was entirely proper to instruct the jury on the presumption arising from such possession, and, as the court also instructed fully upon the defense of *alibi*, no error resulted from not qualifying the instruction on recent possession as to the rebuttal of the presumption of guilt from recent possession by proof of an *alibi*, as the two instructions necessarily had that effect and must be read together.

IV.    We can not agree with the learned counsel for defendant that the evidence was insufficient.    There was much evidence if believed by the jury (and it evidently was) to convict the defendant.

Finding no reversible error, we affirm the judgment.    SHERWOOD and BURGESS, JJ., concur.