CITY OF GALLATIN, *Appellant*, v. TARWATER.

Division One, February 23, 1898.

1. **Appellate Jurisdiction**: MISDEMEANORS. Where in a motion to quash a complaint for violation of a city ordinance on the ground that it does not state facts sufficient to constitute a cause of action, and both sides concede that one ground for sustaining said motion by the circuit court was that it was unconstitutional, this court will feel warranted in assuming jurisdiction of the appeal.

2. **City Ordinances**: PUBLIC DRUNKENNESS. A city ordinance that prohibits public drunkenness is not unconstitutional.

3. ————: ————: ALLEGATIONS IN COMPLIANT. A complaint for the violation of a city ordinance need not be so formal nor technical as an indictment or information in a criminal case against the laws of the State. A complaint that charges defendant with being drunk on the street, sidewalks and business houses, is sufficiently definite, since the gist of the action is being drunk in a public place. Nor is it necessary that the complaint state that any particular person was disturbed by defendant's condition.

*Appeal from Daviess Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

*J. P. O. Givens* and *J. A. Selby* for appellant.

(1) Prosecutions by municipal corporations for the recovery of fines are civil actions. *St. Louis v. Smith*, 10 Mo. 439; *St. Louis v. Knox*, 74 Mo. 79; *Kansas City v. Clark*, 68 Mo. 588; *St. Louis v. Wetzel*, 31 S. W. Rep. 1045. (2) The information and complaint describes the offense in the language of the ordinance and is sufficient. *St. Louis v. Knox*, 74 Mo. 79; *Springfield v. Ford*, 40 Mo. App. 586; *State v. Adams*, 108 Mo. 208. (3) An information for the violation of

city ordinances need not be so technical or formal as an indictment. *St. Louis v. Wetzel*, 31 S. W. Rep. 1045; *St. Louis v. Smith*, 10 Mo. 439; *Springfield v. Ford*, 40 Mo. App. 586. (4) Separate and distinct offenses mentioned disjunctively in the same section of a statute, all of which are of the same class and punishable by the same penalty, may be charged conjunctively in one count of an indictment or information, as if constituting but one offense. *State v. Cameron*, 117 Mo. 371; *State v. Kerr*, 58 N. W. Rep. 27; 1 Bish. Crim. Proc., sec. 436; *State v. Fancher*, 74 Mo. 460. (5) It is sufficient to allege that defendant was drunk in any of the places mentioned in the ordinance. *Rosenstein v. State,* 36 N. E. Rep. 652. (6) Drunkenness or intoxication, in itself, in a public place, is held to be an offense. 1 Cooley's Black. [3 Ed.], book 1, p. 123; 2 Cooley's Black. [3 Ed.], book 4, p. 63; Tiedeman's Lim. Police Power, 302; *Town of Bloomfield v. Trimble*, 56 Iowa, 501; *Town of Nevada v. Hutchins*, 59 Iowa, 506; *State v. Garret*, 80 Iowa, 589; *State v. Pierce*, 65 Iowa, 85; *Commonwealth v. Morrisey*, 32 N. E. Rep. 664; *State v. Sevier*, 20 N. E. Rep. 245; 1 Bishop's Crim. Law [7 Ed.], sec. 403; *People ex rel. v. French*, 102 N. Y. 583; *Hill v. People*, 20 N. Y. 363; *State v. Smith*, 3 Heisk. (Tenn.) 465. (7) The legislature had authority to grant the power to the city council of Gallatin to prevent and punish drunkenness. *State v. Gordon*, 60 Mo. 383; 1 Dillon, Mun. Corp. [3 Ed.], sec. 141; *Lexington v. McQuillen*, 35 Am. Dec. 159; *Mayor of Mobile v. Yule*, 36 Am. Dec. 442; *Robinson v. Schenck*, 1 N. E. Rep. 698. (8) The fact that the legislature has not seen fit to enact a general statute against drunkenness does not prevent the city from enacting and enforcing reasonable ordinances on the subject, where power is expressly granted in its charter. *St. Louis v. Sternberg*, 69 Mo. 304; R. S. 1889, sec.

1902. (9) The party who wishes a law pronounced unconstitutional takes upon himself the burden of proving beyond doubt that it is so. *State v. Addington*, 77 Mo. 118; *Railroad v. Casey*, 26 Pa. St. 287. (10) When a court assumes to nullify and set aside a law as being unconstitutional, it assumes a grave responsibility; and this tremendous power in the hands of the judiciary will never be exercised except in cases where there is clearly a conflict between its provisions and the Constitution. *Blumenthal v. Huerther*, 3 N. E. Rep. 425; Cooley's Prin. of Const. Law, 145, 146, 147; *State ex rel. v. Pond*, 93 Mo. 606; *State v. Hope*, 100 Mo. 347. (11) Unless it is very apparent that some valuable and recognized personal or property right has been invaded without any constitutional authority for it, courts are not disposed to pay very much attention to glittering generalizations or essays on "the rights of man," or "the spirit of the Constitution," or "the genius of our government." Something tangible must be pointed out. *Hedrick v. State*, 1 N. E. Rep. 48; Cooley's Prin. Const. Law, 149; Cooley's Const. Lim. [3 Ed.] 171; *Forsythe v. City of Hammond*, 68 Fed. Rep, 777. (12) The charter of a city bears the same relation to the ordinances of a city that the Constitution of the State bears to its statutes, and the same rules of construction apply. *Quinette v. St. Louis*, 76 Mo. 404.

*Hamilton & Dudley* for respondent.

(1) The complaint does not inform defendant with sufficient certainty of what he is called upon to answer. It does not allege on what street or sidewalk, or in whose business house defendant was drunk. *Inhabitants of Memphis v. O'Conner*, 53 Mo. 468; *St. Joseph v. Harris*, 59 Mo. App. 122. (2) A general verdict for plaintiff in such case is improper and this

rule applies to cases tried in circuit court on appeal from a justice of the peace. *Bricker v. Railroad*, 83 Mo. 391. (3) Drunkenness is not an offense *per se* under the laws of this State. *St. Joseph v. Harris*, 59 Mo. App. 122; *St. Louis v. Fitz*, 53 Mo. 582. (4) The city of Gallatin had no power under its charter to make drunkenness an offense *per se*. *St. Joseph v. Harris*, 59 Mo. App. 122; *St. Louis v. Fitz*, 53 Mo. 582. (5) The ordinance is an invasion of the inalienable rights of the citizen, and is therefore unconstitutional. *St. Louis v. Fitz*, 53 Mo. 582; *St. Louis v. Roche*, 128 Mo. 541; *Ex parte Smith*, 135 Mo. 223.

BRACE, P. J.—The plaintiff is a municipal corporation by virtue of a special charter, possessing among others the following powers therein granted:

"SECTION 19. To prevent and punish the firing of fire arms within the limits of the city, to prevent and punish the furious riding or driving of horses or mules within the corporate limits of the city, and also to prevent and punish all fighting, quarreling, Sabbath breaking, drunkenness, indecent, profane or obstreperous language within the limits of the corporation.

"SECTION 22. To regulate the police of the city, to impose fines, forfeitures and penalties for the breach of any ordinance not to exceed the sum of five hundred dollars, and provide for the recovery and appropriations of such fines and forfeitures, and the enforcement of such penalties, and in default of payment thereof to provide for imprisonment in the county jail not to exceed one month, or at labor on the streets, or both." Sess. Acts 1870, p. 298.

In pursuance of the powers thus granted, the following, among other ordinances in the Revised Ordi-

nances of said city of 1885, was enacted: "SECTION 1. That any person who shall appear upon any street or sidewalk, or in any business house within the corporate limits of the city of Gallatin, in a state of intoxication or drunkenness, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be punished by a fine of not less than one dollar nor more than twenty dollars."

In a proper proceeding authorized by the charter and ordinances passed in pursuance thereof, the defendant Tarwater was arrested, brought before a justice of the peace and fined for a violation of the ordinance set out. From the judgment of the justice he appealed to the circuit court, where upon his motion the complaint was quashed, the defendant discharged and judgment for costs rendered against the city, from which the city appeals. The complaint and motion to quash are as follows:

### "COMPLAINT.

*"James Tarwater to the City of Gallatin, Debtor.*

"To violation of City ordinance No. 14, sec. 1, in relation to punishing offenses against public morals and decency, twenty dollars, in this, to wit: That the said James Tarwater on the 28th day of May, 1895, at the city of Gallatin, and within the limits thereof, did then and there unlawfully appear upon the streets and sidewalks and in the business houses, in a state of intoxication and drunkenness, contrary to the said ordinance in such case made and provided, and against the peace and dignity of said city."

### "MOTION TO QUASH.

"Comes now the defendant and moves the court to quash the information and complaint in the above cause, for the reasons:

"*First.* Because said information and complaint does not state facts sufficient to constitute a cause of action or any offense under the law or ordinances of said city.

"*Second.* Because said information does not state where defendant appeared drunk in said city, whether in the public streets or alleys of said city, or some business house therein.

"*Third.* Because the same does not allege that defendant was drunk in the public streets or alleys or in some business house of said city to the disturbance of any person or citizen therein."

I.    While it does not appear from the record upon what ground the motion to quash was sustained, it is conceded by both sides that one of the grounds upon which the ruling was based was that the ordinance was unconstitutional, and as the first reason assigned in the motion afforded an opportunity to raise that question, and as it is conceded that it was in fact raised and passed upon by the trial court, we feel warranted in taking jurisdiction of the case. *Baldwin v. Fries,* 103 Mo. 286; *Bennett v. Railroad,* 105 Mo. 642.

II.    Express power is given to the city by the charter to prohibit drunkenness within its borders, and in pursuance of that power the city passed the ordinance in question by which drunkenness is prohibited upon the streets, sidewalks, and in the business houses of the city.    In other words, the thing prohibited by this ordinance is *public* drunkenness.    The exhibition of one's self in a condition tending in and of itself to degrade the public morals, to annoy and inconvenience the citizens in the discharge of their daily duties, and to destroy the peace, comfort and good order and well being of society, is an offense which is the proper subject of police regulation and has been so regarded both

in this country and in England, ever since the reign of James the First. 2 Cooley's Black. [3 Ed.], book 1, p. 123; book 4, p. 63; Bishop's Crim. Law, sec. 403; Tiedeman's Lim. Police Power, 302; *Tipton v. State*, 2 Yerg. (Tenn.) 542; *State v. Smith*, 3 Heiskell (Tenn.), 465; *Town of Bloomfield v. Trimble*, 54 Iowa, 399; *People ex rel. v. French*, 102 N. Y. *loc. cit.* 587; *State v. Sevier*, 117 Ind. 338; *Commonwealth v. Morrisey*, 157 Mass. 471. There is perhaps no State in the Union in which the evil consequences to the public welfare, of this offense, have not been sought to be mitigated or avoided by legislation on one line or another, and while thus far in this State the legislature has not seen fit to enact a general statute punishing public drunkenness, there can be no doubt of its power to do so, or to delegate that power to its cities as was done in the present instance. We find nothing in the authorities cited by counsel for respondent, when properly considered, that militates against this conclusion, and hold that the circuit court committed error in sustaining the motion on the ground that the ordinance is unconstitutional.

III. The second and third ground of the motion may be considered together. Prosecutions by municipal corporations for the recovery of fines for violation of city ordinances are regarded as civil actions in this State and the complaint need not be so formal and technical as an indictment or information for a criminal offense against the laws of the State. *St. Louis v. Weitzel*, 130 Mo. 600; *St. Louis v. Knox*, 74 Mo. 79. Even for an offense created by statute, an indictment substantially following the language of the statute is generally sufficient. *State v. Adams*, 108 Mo. *loc. cit.* 211, and cases cited, *a fortiori*, the charge so made in an information for a violation of a city ordinance is sufficient. *St. Louis v. Knox, supra.* It is also well

settled law that "separate and distinct offenses mentioned disjunctively in the same section of the statute, all of which are of the same class and punishable by the same penalty, may be charged conjunctively in one count of an indictment, as if constituting but one offense, and such count will be sustained by proof of one of the offenses charged." *State v. Cameron*, 117 Mo. 371; 1 Bishop, New Crim. Proc., sec. 436. Tested by these rules, the complaint is sufficient. The gist of the action is being drunk in a public place. The defendant is charged with being drunk on the streets and sidewalks *ex vi termini* public places in the city. It is the character of the place, not the particular locality, that constitutes the essence of the offense, and from the nature of the offense as hereinbefore stated it was unnecessary to state that any particular person or citizen was disturbed by his condition.

The circuit court erred in sustaining the motion to quash and for that error the judgment will be reversed and the cause remanded to that court for trial on the merits. ROBINSON and WILLIAMS, JJ., concur.