TRIMBLE & BRALEY, Respondents, v. SOUTHWEST MISSOURI LIGHT COMPANY, Appellant.

Kansas City Court of Appeals, January 8, 1906.

1. **APPELLATE PRACTICE: Continuance: Application to Judge.** A proper application for the continuance of a cause can only be made in open court in the presence of the adverse party; and the telegram of a judge of the court that the case would be continued on a certain showing can not mislead the litigant.

2. ——: ——: **Delay.** An application for a continuance is reviewed and held to be for delay and therefore properly overruled, especially where it shows that the applicant was not prejudiced thereby.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray*, Judge.

AFFIRMED.

*R. H. Field* for appellant.

(1) The judgment should be reversed because the action of the court in overruling defendant's application for a continuance was unreasonable, and not the

exercise of sound discretion. Judah v. Hogan, 67 Mo. 252. (2) The judgment should be reversed, because the court, in overruling defendant's application and showing for a continuance, and in proceeding with the trial and to a judgment against the defendant, on February 4, 1905, disregarded the positive assurance given by the judge of the court in his telegram, the day before to defendant's attorney, "Will continue on application if showing as per your telegram is made," obviously relied upon by defendant.

*A. E. Spencer* for respondents.

(1) An application for a continuance must be sufficient in form and of evident good faith. All intendments are in favor of the action of the trial court and that action will never be reversed, particularly in cases not enumerated in the statute, unless it be made clear to the appellate court that the trial court flagrantly abused its discretion and that the complaining party was prejudiced thereby. State v. Dettmer, 124 Mo. 426; Railway v. Holladay, 131 Mo. 440; State v. Parker, 106 Mo. 217; State v. Bailey, 94 Mo. 311; Smith v. Smith, 132 Mo. 681. (2) There being no showing or claim made here that defendant did not have a full and fair trial of the cause, the appeal should never have been taken and this court should affirm the judgment and award ten per cent damages because the appeal is without merit. R. S. 1899, sec. 867; Bonnell v. Express Co., 45 Mo. 422; Levee Co. v. Jester, 42 Mo. App. 322.

BROADDUS, P. J.—The only question raised on the appeal is that the court erred in overruling defendant's application for a continuance. The plaintiffs, Trimble and Bradley, are lawyers residing at Kansas City, Missouri. For the January term, 1904, they commenced suit in the Jasper Circuit Court against defendant for legal service rendered in its behalf. On the 2nd

day of January, 1905, the defendant by its attorney, C. A. Loomis, filed its answer to plaintiff's petition. On February the 4th and the twenty-fifth day of said term, the defendant filed an application for a continuance of the cause, which was overruled, and the cause proceeded to trial, which resulted in a finding and judgment for the plaintiffs.

The application for a continuance, omitting the caption, is as follows:

"Comes now J. W. McAntire, who, being first duly sworn, makes oath and says that he is by profession a lawyer practicing in the courts of Missouri, and resides at Joplin, Missouri. That until yesterday the only connection he has had with the above entitled cause was to file an answer prepared by Charles A. Loomis, a lawyer of Kansas City, Missouri, who was employed by the defendant to defend said suit, as this affiant is informed. That a few days ago the judge of this court called attention of this affiant to depositions in this case, which he read, but he was not at that time employed or retained for the company in this case. That Charles A. Loomis, so far as this affiant knows at that time, was the only one employed at that time. That since the taking of these depositions, as affiant is informed and believes, said Charles A. Loomis has either withdrawn from said cause or been released from such employment and that he was compelled to go to some other point to attend some other lawsuit. That thereupon, as affiant is informed, Judge R. H. Field, of Kansas City, was employed to attend this case. That on yesterday, February 3rd, in the afternoon, this affiant was informed that Judge R. H. Field was confined to his bed by an attack of grippe and could not possibly be in attendance at this time to try said cause at this term of court. That this affiant was employed to present this matter to this court and postpone this case. That this affiant has never consulted with anyone representing the defendant, and does not know what the facts are upon which the de-

fense is based. That John A. Eaton, who rendered a large part of such services for plaintiff, is now a member of the firm of Eaton & Loomis, but is not and never was employed for defendant in this case. That George M. Myers, who was general manager of defendant, and as this affiant is informed claims that the defendant has a meritorious defense in this case, but that owing to the fact of its attorney employed to try said cause being unable to attend said trial on account of sickness," etc.

Among the facts shown on the hearing of the motion are the following: It appeared that after C. A. Loomis, who was the law partner of John A. Eaton, had been employed and had rendered for plaintiffs a part of the service in controversy, a question came up as to the propriety of said Loomis, under the circumstances and because of his opinion of the case being unfavorable to defendant, further representing the defendant as its attorney. It was determined by Geo. A. Myers, defendant's general manager, that he should be discharged. Mr. Loomis then dropped out of the case, and defendant then retained Judge R. H. Field to act for it. Judge Field was employed on Friday, the day before the case was set for trial. Immediately upon being retained in the case, Judge Field sent the following telegram to the Hon. Howard Gray, the judge of the Jasper Circuit Court, viz: "I have been retained as attorney case Trimble & Braley v. Southwest Missouri Light Company, but it is impossible for me to go down to-night, as am sick at home with grippe. Am sorry cannot be there to-morrow, and under circumstances must ask indulgence of the court until some day next week or later. Trimble & Braley have been served with copy of this message. Answer, my expense.

"2:00 p. m.        "R. H. FIELD, Attorney."

Judge Gray answered as follows: "Will continue on application if showing as per your telegram is made."

At the time Myers employed Judge Field to represent defendant in the case, he knew that Field was sick in bed and could not appear on the following day for the trial. And it is matter of inference from the facts shown that Myers, when he employed Loomis in the case, was aware of the fact that he was the partner of Eaton, who had been connected with plaintiffs in the rendition of the services sued for, and it was shown that his principal reason for discharging Loomis was that his opinion was unfavorable to defendant's defense. There were other developments in the case, but sufficient have been given for all practical purposes.

The defendant contends that it was misled by the telegram of Judge Gray to its lawyer, Judge Field, to the effect that a continuance would be granted if the showing supported the statements of Field's said telegram. There is no doubt but what Judge Field stated the truth when he said he could not be on hand at the trial because of his sickness. But the utter weakness of defendant's position in that respect is that Judge Field and Judge Gray had no legal authority to provide for a continuance in the manner adopted. The only occasion in which a party to a suit can properly apply for a continuance of his case is in open court in the presence of his adversary. Any other practice would tend to interfere with a full administration of justice, and would be *ex parte* in its character. It is a matter of general knowledge among lawyers that requests for continuances are frequently made to the judge outside of the courtroom. It is only necessary to call attention to the impropriety of such a practice, in order to condemn it in the mind of every judge and lawyer.

Judge Gray, when the matter came before him, very properly felt himself under no legal obligations to grant the continuance under the showing made by the plaintiff that the application was not made in good faith but for mere delay. The defendant, after discharging one

115 app—39

lawyer, just on the eve of the trial employed another, that its agent knew could not attend and render service because he was confined to his bed by sickness. Myers knew long before he discharged lawyer Loomis his relation to Eaton as a partner and his opinion with reference to the merits of its defense to plaintiff's demand, but, notwithstanding, he deferred to employ another lawyer until the day before the case was set for trial, and then employed Judge Field, who was sick and unable to attend such trial. If the conduct of Myers is not to be construed as evincing a purpose of getting a continuance for mere delay, it at least shows clearly want of proper diligence.

Furthermore, the defendant was represented by several lawyers on the trial, and there is nothing in the record going to show that the rights of defendant were prejudiced in the slightest degree on account of the absence of Judge Field. From aught that appears in the record, the defendant was intelligently and ably represented in every particular, and that the result of the trial was because of the strength of plaintiffs' case and the weakness of that of the defense. Affirmed. All concur.