CITY OF MEXICO, Respondent, v. HARRIS, Appellant.

St. Louis Court of Appeals, January 30, 1906.

1. **MUNICIPAL CORPORATIONS: Violation of Ordinance: Civil Action.** A prosecution for the violation of an ordinance of a city of the third class is a civil action and the sufficiency of the complaint is to be determined by the same rules as are applicable to other civil cases.

2. ———: ———: ———: **Affidavit:** A complaint against one for violation of an ordinance of a city of the third class is not required to be supported by affidavit, and it is immaterial whether the complaint as filed conforms to the affidavit upon which it purports to be based or not.

3. ———: ———: **Gambling Device: Evidence: Conviction on Another Charge.** In a prosecution against the defendant for violation of a city ordinance forbidding the maintaining of a gambling device, the record of a conviction in another case of the same defendant for gambling at the same time was admissible in evidence for the purpose of showing that the table upon which the game was played was a gambling device.

4. ———: ———: ———: ———: In a prosecution for violation of a city ordinance forbidding the maintaining of a gambling device, the instructions asked by defendant with modifications made by the court are set out in full and it is held that the modifications were correctly made.

Appeal from Audrain Circuit Court.—*Hon. H. W. Johnson*, Judge.

AFFIRMED.

*P. H. Cullen* for appellant.

The complaint was insufficient and should have been quashed. It fails to inform defendant of the accusation against him and is not sufficient to bar another action. St. Louis v. Babcock, 156 Mo. 148; St. Joe v. Harris, 59 Mo. App. 122; Memphis v. O'Connor, 53 Mo. 468; Salisbury v. Patterson, 24 Mo. App. 169; Lamar v. Hewett, 60 Mo. App. 314; St. Louis v. Dorr, 136 Mo. 370; Tarkio v. Loyd, 109 Mo. App. 171; Marshall v. Standard, 24 Mo. App. 192; Kansas City v. Whitmore, 70 Mo. App. 633. The true construction of the ordinance is that it forbids setting up or permitting another to set up a gambling device in a house, etc., which is under the control of the party arrested. It means the same as our statute. R. S. 1899, sec. 2196; State v. Mohr, 55 Mo. App. 326. The device is not specifically named in the ordinance, hence it was imperative to charge that it was adapted, devised, designed and used for the purpose of carrying on gambling or that if it was not devised originally for that purpose, it was so adapted and used. Jones v. Com. (Ky. 1887), 3 S. W. 128; State v. Mann, 2 Oregon 238; State v. Gill Lee, 6 Oregon 428. The judgment of conviction against Boyd and others was *res inter alios acta* and should not have been admitted. Their pleas of guilty was hearsay. If a common purpose had existed it had ended before pleas. Griffeth v. Gillun, 31 Mo. App. 33; Mo. Fire Clay v. Elleson, 30 Mo. App. 67; 3 Encly. of Ev., p. 430; State v. Beaucleigh, 92 Mo. 490. The declarations or confessions of the other defendants were inadmissible because the parties themeselves were competent witnesses. The declarations or confessions of the other defendants were inadmissible because the parties themselves were competent witnesses. Bain v. Clark, 39 Mo. 252; Curry v. Lockey, 35 Mo. 389; Patterson v. Fogon, 38 Mo. 70; Same v. Butler, 38 Mo. 295.

*John T. Baker* and *O. Hitt* for respondent.

The affidavit and statement state facts sufficient to constitute a charge against defendant. St. Louis v. Weitzel, 130 Mo. 600; St. Louis v. Knox, 74 Mo. 79; Trenton v. Devorss, 70 Mo. App. 8; De Soto v. Brown, 44 Mo. App. 148; Kansas v. Zahner, 73 Mo. App. 397; Louisiana v. Anderson, 100 Mo. App. 341; Gallatin v. Tarwater, 143 Mo. 40; Springfield v. Ford, 40 Mo. App. 586; St. Louis v. Vert, 12 Mo. App. 571; St. Louis v. Frein, 9 Mo. App. 590; St. Louis v. Smith, 10 Mo. 438; St. Joseph v. Dye, 72 Mo. App. 214.

BLAND, P. J.—On a trial before the police judge of the city of Mexico, Missouri, the defendant was convicted of a violation of the following ordinance of said city:

"Sec. 109. *Setting up gambling devices.*—Any person who shall, in this city, set up or keep any gaming table, gambling device, the setting up and keeping of which is not by the law of this State declared to be a felony, at which any game of chance shall be played for money, property or anything representing money or property or shall suffer. or permit any such table or device, at which any game of chance is played, to be set up or used for the purpose of gaming in any house, building, shed, booth, shelter, lot or other premises to him belonging or by him occupied, or of which he hath at the time the possession or control, shall be deemed guilty of a misdemeanor, and upon conviction thereof be fined not less than fifty nor more then one hundred dollars."

Defendant appealed to the circuit court of Audrain county, where on a trial *de novo* he was again found guilty and adjudged to pay a fine, from which judgment he appealed to this court. In the circuit court, the following motion to quash the information—so-called— was filed and overruled by the court:

"Now comes the defendant and moves the court to

quash the affidavit and statement of the city attorney herein and for cause says there is a variance between the affidavit and the attorney's statement, that neither the affidavit or statement states facts sufficient to constitute a charge against the defendant; that the said affidavit is uncertain, ambiguous and indefinite and fails to apprise the defendant of the charge made against him."

The action of the court in overruling said motion is assigned as error.

The affidavit upon which the information purports to have been founded need not be set out as it is of no importance in the determination of the error assigned. The information is as follows (omitting caption and signature):

"The undersigned, city attorney of the city of Mexico, Audrain county, Missouri, upon the complaint of J. D. Sims, informs the court that one John Harris on the —— day of January, February and March, 1903, within the corporate limits of said city of Mexico, did then and there willfully and unlawfully did set up and keep a gambling device the setting up and keeping of which is not by the laws of this State declared to be a felony at which was played a game of chance commonly called poker with a pack of playing cards in which chance was a material element at which a game of chance was played for money, property and effects and did bet and wager on the sides in a house, room or place which is known as the Mayfield building within the corporate limits of the city of Mexico, contrary to and in violation of the provisions of section 109, of chapter 22, of the revised ordinances of the city of Mexico, 1893, entitled 'Misdemeanors,' wherefore the plaintiff asks the court to render judgment against said defendant for the penalties prescribed by the ordinance for said offense, together with the costs of this prosecution and for all other proper relief."

1. The city of Mexico is a city of the third class. Section 5795, article 4, chapter 91, Revised Statutes

1899, concerning cities of the third, provides: "When any person shall be arrested and brought before the police judge, it shall be the duty of the judge to hear and determine forthwith the complaint alleged against the defendant," etc. Section 5805, of the same article and chapter, authorizes an appeal from the judgment of the police judge by the defendant or the city. A prosecution for violation of a city ordinance is not—as assumed by appellant—a criminal action, but a civil one, and for this reason the sufficiency of the complaint is to be determined by the same rules as are applicable in other civil cases. [City of Gallatin v. Tarwater, 143 Mo. 40, 44 S. W. 750; City of St. Louis v. Weitzel, 130 Mo. 600 31 S. W. 1045; Town of Canton v. Ligon, 71 Mo. App. 407; City of Cassville v. Jimerson, 75 Mo. App. 426; City of California v. Harlan, 75 Mo. App. 506.] The statute, supra, authorizes a police judge to proceed when complaint of a violation of an ordinance is made. Such complaint, regardless of form, is sufficient, if it notifies the defendant of the particular ordinance he is charged with violating and is sufficiently definite to bar another prosecution for the same offense. The statute does not require that the complaint shall be supported by the affidavit or oath of any one; for this reason it is wholly immaterial whether the complaint, as filed, conforms to the affidavit upon which it purports to be based or not. The defendant was tried on the complaint filed by the city attorney and not upon the affidavit. The complaint notified him of the particular ordinance he was charged with violating and is sufficiently definite to bar another prosecution for the same offense. For these reasons the motion to quash was properly overruled.

2. Sims, the prosecuting witness, testified that on March 7, 1903, in company with the city marshal, he entered the Mayfield building in the city of Mexico, ascended to the second floor and, by looking over the top of a partition, saw Harris, the defendant, Boyd and

Miller sitting around a table (produced in court) with poker chips (also produced in court) before them and cards in their hands. The city, over the objection of defendant, offered in evidence a complaint made by Sims charging Harris, Boyd and Miller with a violation of section 111, chapter 22, ordinance of the city of Mexico, by playing a game of chance with cards, for money, in the Mayfield building, March 7, 1903, filed before the police judge of the city of Mexico, and the docket entry of said judge, showing that the three defendants pleaded guilty to the charge. Sims testified that the offense of gambling to which defendant pleaded guilty, and the setting up of the gaming table, for which he was then on trial, were committed at one and the same time. It seems to us that on this evidence of Sims, the complaint and plea of guilty to gaming were competent evidence, for the purpose of showing the table produced in evidence was used as a gambling device. Sims also testified that defendant, a few months before his arrest, told him he had a poker game and was running it in the building named in the complaint. The city marshal testified that he and Sims went to the room together and found defendant and Boyd and Miller sitting around the table with poker chips before them and cards in their hands, and that he seized the table, chips and cards and produced them in court; that two days after this he found from sixty to seventy-five poker chips in the same room.

Robert Kemp, a witness for respondent, testified that at one time he occupied the room with defendant and Boyd; that Boyd and defendant turned it into a poker room and he left them; that afterwards they continued to occupy the room as a poker room and played cards in it for money.

There was countervailing evidence offered by the defendant and evidence that the room was rented by Boyd alone.

The court refused the following instructions asked by defendant:

"The court instructs the jury that a man cannot be fined twice for the same offense, and if you believe that the defendant in this case has been fined for betting at cards in a room in the Mayfield building and that in assessing such fine the city court took into consideration the same acts as are sought to be proved against the defendant or that any material part of the evidence in this case made out the offense for which he was fined in the city court, then his conviction here would be unlawful and you should acquit him."

The court refused other instructions asked by defendant but modified them and gave them as modified. The modifications are indicated by the terms embraced in brackets. The instructions, as given are as, follows:

"a. Even if you believe that Harris and Boyd were jointly interested in the business, yet if you believe that Boyd rented the building and assumed control of the room [and, did solely and exclusively use and control same and Harris had no interest in same or control thereof] then he and not Harris was the man who set up and kept the gambling device and the defendant is entitled to an acquittal.

"b. The court instructs the jury that one cannot be convicted of setting up a gambling device unless it is proved by the evidence beyond a reasonable doubt that he provided [or assisted in providing] whatever was necessary for the game and to go further and propose to play and to play upon it, and if you believe he did not set up the gambling device as above defined [or aid in setting it up] you must acquit him even though you believe he used it to gamble upon.

"c. One cannot be convicted of 'keeping a gambling device by reason of playing upon it or betting with others. He must have the custody, care and control of it and must hold the same in readiness to obtain bettors, and in this case even though you believe that Harris

frequented the room and bet and gambled therein yet if you believe that someone else rented the room and assumed to control it [and did control said room and tables or devices therein] then defendant is not guilty.

"d. If you believe that one Joe Boyd rented the room and paid the rent thereon and bought and paid for the furniture therein and controlled the room [tables or devices therein, exclusively] then you must find the defendant not guilty.

"e. Before you can convict the defendant you must believe that he had the sole and exclusive control of the room and the gambling device therein [or jointly used and occupied the same with said Boyd] and if you believe that Joseph Boyd or some one else had an interest in the room and controlled the matter of betting [and tables or devices solely and exclusively] then the defendant cannot be found guilty.

"The court instructs the jury that the defendant is not charged with betting or gaming and you cannot find him guilty because you may believe he bet or gambled in the room mentioned in evidence. He is charged with setting up and keeping a gambling device and you must either convict him of this offense or acquit him and even if you find that a gambling device was set up and kept in said building yet if you believe the building was rented by Boyd and that Boyd controlled said building then defendant is not guilty [unless defendant occupied said room jointly with said Boyd and aided, abetted and assisted in setting up or keeping said gambling device]."

We think the modifications in the several instructions were correctly made, for defendant could as well violate the ordinance by setting up a gambling device with the consent of the lessee of the room, or in conjunction with him, as if he himself was the lessee. The ordinance is not specially directed against the owner, proprietor or lessee of a room or place where the prohibited game is set up, but is directed against any per-

son who sets up the prohibited game in violation of the ordinance, whether he is the owner, lessee or proprietor, or the mere occupant of the place where he sets up the prohibited game.

In regard to defendant's refused instruction, it will suffice to say that the offense of gaming, to which he pleaded guilty before the police judge, is not identical with the offense for which he was tried and convicted. For this reason the former conviction was no bar to the prosecution. [State of Missouri v. Wister, 62 Mo. 592.]

We have no fault to find with any of the instructions given on behalf of the respondent. It seems to us that on the evidence the conviction was eminently proper and no reversible error appearing in the record, the judgment is affirmed. All concur.