CITY OF POPLAR BLUFF, Respondent, v. J. J. MEADOWS, Appellant.

Springfield Court of Appeals, January 30, 1915.

1. MUNICIPAL CORPORATIONS: Information for Violation of City Ordinance: Formalities. Informations for violations of city ordinances are not scrutinized as closely as indictments for felonies either as to form or contents.

2. ———: ———: Sufficiency of Information: Test. An information under a city ordinance is sufficient if it notifies defendant with certainty of the charge made and is definite enough to be a bar to a subsequent prosecution for the same offense.

3. **BAWDYHOUSES: Prosecution for Keeping: Essential Proof.** The gravamen of the offense of keeping a house of ill fame is the keeping of the house and permitting unlawful sexual intercourse to be practiced therein by lewd men and women. The names of such persons are not essential facts to be shown.

4. ——————: **Prosecution Under City Ordinance for Keeping: What does not Bar.** That defendant displayed the sign of an honest occupation on his house in violation of Sec. 4758, R. S. 1909, and was because thereof subject to a prosecution on a felony charge, is not a bar to a prosecution for violation of a city ordinance for keeping a bawdyhouse.

5. **ORDINANCES: Violations: Prosecution for: Evidence Showing a Felony: Not a Bar, When.** Sec. 9191, R. S. 1909, is directory merely and does not prevent a prosecution under a city ordinance for keeping a bawdyhouse, though the evidence tends to show that defendant has committed a felony for displaying on such bawdyhouse the sign of an honest business.

6. **CRIMINAL PROCEDURE: Continuance: Absent Witnesses: Cumulative Evidence.** Where the affidavit of defendant for continuance on the ground of absent witnesses showed that the testimony would be largely cumulative, no error was committed in refusing the continuance.

7. ——————: ——————: ——————: **Discretion of Trial Court.** The granting of a continuance on account of absent witnesses rests largely in the discretion of the trial court.

8. **ORDINANCES: Prosecution Under: Civil Actions.** Prosecutions under city ordinances are civil actions.

9. ——————: ——————: **Informations: Formality.** In a prosecution for violation of a city ordinance it is not essential that the information should conclude "against the peace and dignity of the city."

10. ——————: **Enactment: Proof: Printed Copies.** Printed ordinances of a city purporting to be collated and published under its authority are competent evidence that such ordinances have been duly enacted.

11. ——————: **Printed Copies: Certificate of Clerk: Evidence.** Printed ordinances of a city, properly certified by the city clerk are sufficent evidence under Sec. 6295, R. S. 1909, of the existence of an ordinance to sustain a prosecution thereunder.

12. ——————: **Printed Copies: Presumptions as to Passage.** Revised ordinances as published are prima-facie evidence of the enrollments of which they purport to be copies and the burden of proof is on him who assails their validity on the ground that certain mandatory requirements have not been observed in their passage to establish this contention.

13. ———: ———: Revision: Presumption as to Existing Ordinances Not Revised. Where the ordinances of a city were revised generally and collated by authority from the city council, it will be presumed that those not read or voted upon were left in force without revision.

14. ———: Revision: Presumptions. Where a general revision of city ordinances was had and it was shown that the ordinance under which defendant was being prosecuted was not read by the council during such revision, this showing does not overthrow the presumption that the ordinance was in force prior to the general revision and was left thus without revision or amendment.

15. ———: Mayor's Signature: May be Directed. An ordinance is not invalid merely because the mayor himself did not sign his name thereto. He may direct another to sign the ordinance for him.

Appeal from Butler County Circuit Court.—*Hon. J. P. Foard,* Judge.

AFFIRMED.

*Abington & Phillips* for appellant.

(1) The information filed by the city attorney charged defendant with a violation of section 640 of the Ordinances of the city of Poplar Bluff ''passed and approved on the 6th day of March, 1899;'' and the records of the city council offered in evidence showed that said ordinance was not passed on that day or any other day, and the defendant was therefore entitled to an acquittal. Cox v. Mignery, 126 Mo. App. 669-678; O'Dwyer v. Monnett, 123 Mo. App. 184; R. S. 1909, sec. 5832; Light Co. v. City of Lebanon, 163 Mo. 259. (2) The persons who resorted to defendant's house for the purpose of prostitution were charged in the information as being ''unknown;'' the evidence introduced in the trial of the case showed the fact to be that they were known, and this warranted defendant's acquittal. State v. Stowe, 132 Mo. 199; State v. Thompson, 137 Mo. 620; State v. Lee, 228 Mo. 498.

(3) The testimony offered in the trial of the case showed that the defendant had the sign of an honest occupation on the outer wall and window of his house and if he was conducting a bawdyhouse therein he was guilty of a felony. R. S. 1909, section 4758. Therefore, when it developed in the trial of this case that the defendant, if guilty of any offense, was guilty of a felony, then the police judge lost jurisdiction of the cause. R. S. 1909, section 9191. (4) The information in this case is defective because it does not conclude, "against the peace and dignity of the city," as required by law. R. S. 1909, sec. 9185.

*Carl C. Abington* (city attorney), and *N. C. Whaley* (city counselor) for respondent.

(1) The burden of proving that the ordinance under which the complaint is filed is not regular is on appellant. State v. Wray, 109 Mo. 594. (2) The presumption is that the proceedings are regular. Dollar Savings Bank v. Ridge, 183 Mo. 506; Roberts v. Central Lead Co., 95 Mo. App. 581. (3) Prosecutions for the violation of city ordinances are civil actions and consequently the rules applicable to prosecutions for crimes under the statutes do not apply and the information is sufficient if it notifies the defendant of the particular ordinance he is charged with violating and is sufficiently definite to bar another prosecution for the same offense. Mexico v. Harris, 115 Mo. App. 711; City of Gallatin v. Tarwater, 143 Mo. 40; City of St. Louis v. Weitzel, 130 Mo. 600. (4) The appellant is not charged in the information with a felony and there has been no attempt to prosecute him on a felony charge. Nor would this conviction be a bar to such a prosecution by the State. The mere matter of fact that some one testified there was a hotel or cafe sign on his window would not deprive the circuit court of jurisdiction to try the case on appeal from the police court on the

misdemeanor charge of conducting a bawdyhouse, no more than if he had been found when arrested, with a pistol in his pocket or burglar tools in his possession. (5) It is not necessary that the information should conclude "against the peace and dignity of the city" as a prosecution for the violation of an ordinance of a city of the third class is a civil action. Mexico v. Harris, 115 Mo. App. 707; Caruthersville v. Palsgrove, 155 Mo. App. 564.

FARRINGTON, J.—The appellant was found guilty by a jury in the police court of Poplar Bluff and appealed to the circuit court where he was again tried and convicted on the following information filed by the city attorney: (Formal parts omitted.)

"Now comes the undersigned, Carl C. Abington, city attorney within and for the city of Poplar Bluff, county of Butler, State of Missouri, and upon his knowledge, information and belief and upon the complaint of Samuel Gardner, informs the court and charges the fact to be that the defendant, J. J. Meadows, on or about the 29th day of October, 1913, at the city of Poplar Bluff and within the limits thereof, did then and there unlawfully set up and keep a common bawdyhouse, commonly called a house of ill-fame, house of bad repute, assignation house, or house for the prostitution of women, by then and there keeping and suffering to remain therein for the purpose of prostitution and lewdness, divers men and women, the names of whom are unknown to this affiant, and by then and there permitting divers other lewd and dissolute men and women to resort to said house and come together therein for the purpose of sexual intercourse and there remain whoring, contrary to and in violation of section 640 of an ordinance of said city entitled, 'An ordinance in revision of the ordinances of the city of Poplar Bluff, Missouri, and to ordain new and amended ordinance provisions for the government of said city,'

passed· and approved on the 6th day of March, 1899, and against the peace and dignity of the city of Poplar Bluff, whereby said defendant, J. J. Meadows, is indebted to said city in the sum of $100.

"Wherefore, the plaintiff prays the court to declare and assess the penalties prescribed by ordinance for said offense and that it render judgment therefor, together with the costs in this behalf expended, and that the said J. J. Meadows stand committed to prison until judgment is complied with."

The evidence clearly sustains the charge that defendant was keeping and suffering to remain in his house lewd women for the purpose of prostitution and that he was aiding and abetting such inmates in having unlawful sexual intercourse with men who would rent rooms and pay him for them for such purpose.

Error is assigned because the information charged that the names of such persons were unknown to the city attorney, citing State v. Stowe, 132 Mo. 199, 33 S. W. 799; State v. Thompson, 137 Mo. 620, 39 S. W. 83; and State v. Lee, 228 Mo. l. c. 499, 128 S. W. 987. Those are all State cases—prosecutions for felonies, wherein the rules are enforced with much strictness as to indictments and informations, whereas the same strictness is not required in a prosecution under a city ordinance which is in the nature of a civil action. That the charge be certain enough to notify the defendant of the charge made and definite enough to be a bar to a subsequent prosecution for the same offense is all that is required in actions of this character. [City of Mexico v. Harris, 115 Mo. App. 707, 92 S. W. 505; City of Gallatin v. Tarwater, 143 Mo. 40, 44 S. W. 750; City of St. Louis v. Weitzel, 130 Mo. 600, 31 S. W. 1045.] Besides, as was said in State v. Lee, supra, l. c. 499, the gravamen of the offense was the keeping of such a house and permitting unlawful sexual intercourse to be practiced therein by lewd men and women. Their names are not essential facts to be shown. More-

over, the evidence does not disclose that the city attorney knew who were the inmates of this place. The chief of police who made the affidavit said he knew one or two of the girls that stayed there, but there is no evidence that he or anyone knew who the men were, and as it takes two, both male and female to carry on the unlawful conduct charged, there was no error in omitting the names from the charge where they were in fact unknown to the city attorney.

Defendant contends that the evidence adduced shows that he was guilty of a felony for displaying the sign of an honest occupation when in fact he was conducting a bawdyhouse and that the city thereupon lost its right to prosecute under its ordinances, citing section 4758 and section 9191, Revised Statutes 1909. The defendant is not charged with or convicted of a felony; nor will this judgment bar a prosecution by the State under section 4758. Section 9191 is merely a directory statute and not one that can avail the defendant in this connection.

The court did not commit error in refusing a continuance. The affidavit of defendant stating what his absent witnesses would testify shows that their testimony would have been mostly cumulative of what he and other witnesses testified. [See, Cooley v. Railroad, 149 Mo. l. c. 492, 51 S. W. 101.] The granting of a continuance on account of absence of witnesses rests largely in the discretion of the trial court. [State v. Riney, 137 Mo. l. c. 104, 38 S. W. 718; Trimble & Braley v. Light Co., 115 Mo. App. 605, 92 S. W. 346.]

Appellant insists that the information is defective because it does not conclude, "against the peace and dignity of the city," citing section 9185, Revised Statutes 1909. Prosecutions under city ordinances are civil actions. [City of Gallatin v. Tarwater, supra; City of Caruthersville v. Palsgrove, 155 Mo. App. 564, 134 S. W. 1032.] The complaint sufficiently advised the defendant of the particular offense with which he was

charged and the number of the ordinance he had vio-
lated, and was definite enough to bar a subsequent
prosecution for the same offense under the ordinances
of the city, and this is all that is required. [City of
Mexico v. Harris, supra, 1. c. 711.] While the prayer
of the information does not conclude in the language
of the statute, it will be seen that the charge placed
against defendant does conclude in the exact language
of the statute. This is a sufficient compliance with
the statute, it being merely a directory and not a man-
datory provision.

The city attorney offered in evidence section 640
which prohibited the keeping of a bawdyhouse, being
the section on which the prosecution was based; he
offered to read the section from what purported to be
a printed book, published by authority of the city, of
the revised ordinances of the city of Poplar Bluff,
passed March 6, 1899. Objection was made because
the records of the city council offered in evidence
showed that said ordinance was not passed on that
day or any other day. Error is assigned because the
court overruled the objection. This requires us to go
briefly into the history of the revised ordinances of the
city. The records in the city clerk's office show that on
February 21, 1898, the following resolution was
passed: "Resolved, by the city council of the city
of Poplar Bluff, that the city counselor of this city be
instructed to proceed at once with the revision of the
ordinances of this city, and that he be instructed to
have at least a portion of said revision ready to be
presented to the city council at the next meeting of the
council, and that the clerk be instructed to deliver a
copy of this resolution to the city counselor at the
earliest moment." The city counselor prepared a bill
(No. 406) intended to cover the entire subject so far
as ordinances were concerned for the government of
the city, which consisted of some forty-five or fifty
chapters containing more than eleven hundred sec-

tions. The ordinances were classified and placed in chapters. The chapter relating to misdemeanors contains sections numbered from 630 to 776 and the chapter is numbered 27. The records of the city clerk show that from time to time the city council would convene and read and pass some of the chapters, some being shown to have been read three times, others only once, and some four times; but chapter 27, the one containing section 640, the basis of the complaint herein, was not shown to have been read and passed between February 21, 1898, and March 6, 1899, the date on which the work of the council in this matter seems to have been completed.

The bill (No. 406) was entitled: "An ordinance in revision of the ordinances of the city of Poplar Bluff, Mo. And to ordain new and amended ordinance provisions for the government of said city." The title discloses that not only was there contemplated a collation or classification into appropriate chapters of all existing ordinances of the city which had been enacted in the past, but that it was intended that new or amending sections which the council might see fit to pass during the time the work of collation and revision was in progress might be added. We must therefore presume that in making this collation and revision, where existing ordinances were in force that in the opinion of the city council required no change or amendment, it was deemed unnecessary to repass or go through the form of enacting anew those ordinances. We find that a great many chapters were repassed, from which we can but conclude that such chapters or sections thereof contained some new or amended provisions and that this being true required that such chapters should be read and passed as the law specifies. The resolution of February 21, 1898, was passed with the formality of an ordinance and the yeas and nays were recorded, and this resolution is really the authority to revise and expresses the determination

that the ordinances be revised and collated in a systematic arrangement.

The book of revised ordinances contains the following certificate of the city clerk which is dated March 6, 1899:

"State of Missouri, County of Butler, City of Poplar Bluff, ss.

"I, Jay Davidson, City Clerk of the City of Poplar Bluff, Missouri, do hereby certify that the foregoing ordinance, entitled 'Ordinance Number 364, Bill 406, an ordinance in revision of the Ordinances of the City of Poplar Bluff, Missouri, and to ordain and establish new and amended ordinance provisions for the government of said City,' from Chapter 1 to Chapter 45, both inclusive, and from Section 1 to Section 1101, both inclusive, was duly passed by the Council of the City of Poplar Bluff, on the day indicated by the attestation of the President of the Council, to-wit: March 6, 1899, and was duly approved by the Mayor of said city on the 6th day of March, 1899. I further certify that I have read and compared the foregoing printed ordinances, provisions and other matters as contained in this volume, and that said printed volume contains all the provisions of said ordinances, and contains such other matter as was authorized by said ordinances to be printed and published therein; and that said volume, as printed, is in every way in full compliance with the ordinance provision authorizing its publication.

"In witness whereof I have hereunto set my hand, and affixed the seal of the said city, this 6th day of March, 1899.

["Seal]

"JAY DAVIDSON, City Clerk."

The book of printed ordinances with this certificate meets the requirements of section 6295, Revised Statutes 1909, as to evidence.

It has been held that the printed ordinances of a city purporting to be collated and published under its authority are competent evidence that such ordinances have been duly enacted. [City of St. Louis v. Foster, 52 Mo. 513; City of Tarkio v. Cook, 120 Mo. 1, 25 S. W. 202; Campbell v. Railway Co., 175 Mo. 161, 75 S. W. 86; Town of Tipton v. Norman, 72 Mo. 380.]

Revised statutes or ordinances as published are prima-facie evidence of the enrolled laws of which they purport to be copies; and the burden of proof is upon the one assailing the validity of such law on the ground that the mandatory requirements have not been observed in the passage thereof. [State v. Wray, 109 Mo. 594, 19 S. W. 86; Campbell v. Railway Co., supra, l. c. 176.] In the case of Cox v. Mignery & Co., 126 Mo. App. l. c. 681, 105 S. W. 675, the following language is used: "When the enrolled statute discloses on its face no ground of invalidity, the presumption that it was enacted in accordance with the requirements of law is very strong and may be overcome only by legislative records which clearly show the fact to be otherwise and the burden always is on the proponent of the proposition that the statute is invalid to adduce conclusive proof of that fact."

We therefore hold that in revising the ordinances of the city it was not necessary to read three times and take the yea and nay vote on such ordinances as were then in force and which the council did not see fit to amend or change in any particular. That such an ordinance as is the basis of this charge was in force is to be presumed from the fact that it is contained in the book of revised ordinances which contained the proper certificate of the clerk; and the fact that some of the provisions in the revision were read and voted on leads to the presumption that in those cases either some change or amendment was made to the existing law, whereas in those cases where they were not read or voted on the presumption is that the laws then in force

were at that time satisfactory to the council. The defendant, then, only attempts to destroy this section by showing that it was not read during the proceedings beginning February 21, 1898, and concluding March 6, 1899; and this showing is not sufficient to destroy the presumption of the validity of the section which everything tends to show was an existing ordinance of the city which needed no amendment or correction and was in force prior to February 21, 1898.

Defendant contends that the signature of the mayor as shown by the original roll was not in fact his signature. Respondent cites cases holding that it is not necessary for the mayor to actually sign his name; he may have directed some one to sign his name for him, which is a sufficient compliance with the law. [Porter v. Paving & Const. Co., 214 Mo. 1, 112 S. W. 235.]

We conclude that the defendant has not conclusively shown that the ordinance under which he was convicted was not legally passed by the city council.

The information clearly shows that the defendant was advised fully of what he was charged with, and even though the ordinance had not been passed on March 6, 1899, there was a sufficient statement in the information to charge defendant with the violation of an ordinance which we will presume was in force and had been legally passed. The same strictness in relation to pleadings in actions of this character, as well as in prosecutions by the State for misdemeanors, is not required as in indictments for greater offenses. And if there was such an ordinance passed as section 640 of the revision at any time we will presume that it is still in force and hold that the averment as to the date of its passage is not material.

We have examined the instructions and find that the law was properly declared by the court.

The judgment is affirmed. *Robertson, P. J.,* and *Sturgis, J.,* concur.